# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

In re ERIC DRAKE

§
§  Cause No. 4:17-MC-00069
§  (Judge Mazzant)
§

**MEMORANDUM ADOPTING THE REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 2, 2017, the report of the Magistrate Judge (Dkt. #4) was entered containing proposed findings of fact and recommendations that Petitioner Eric Drake's Verified Petition to Perpetuate Testimony (Dkt. #1) be denied. Having received the report and recommendation of the Magistrate Judge, having considered Petitioner's objections (Dkt. #9) as well as Petitioner's Amended Verified Petition to Perpetuate Testimony (Dkt. #6), Petitioner's Motion to Reconsider, Motion to Set Aside Court's Denial of Rule 27 Proceedings, Motion for New Trial, and Motion to Amend ("Motion for Reconsideration") (Dkt. #8), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court. Petitioner's Verified Petition to Perpetuate Testimony, Amended Verified Petition to Perpetuate Testimony, and his Motion for Reconsideration are **DENIED**.

**RELEVANT BACKGROUND**

As set out in greater detail in the report and recommendation of the Magistrate Judge, Petitioner seeks permission under Federal Rule of Civil Procedure 27(a) to depose two 7-Eleven employees, who Petitioner alleges prevented him from purchasing a winning Powerball ticket

(Dkt. #1 at pp. 2–3). Petitioner claims "Mr. Doe" and Rahkee Sherma, employees at a local 7-Eleven, gave him conflicting information concerning the "cut-off time to play the Powerball" (Dkt. #1 at p. 2). Petitioner asserts he "actually picked winning numbers" for the Powerball, and now seeks to compel testimony under Rule 27(a) to establish Mr. Doe and Rahkee Sherma's error (Dkt. #1 at pp. 2–3).

On October 2, 2017, the report and recommendation of the Magistrate Judge was entered, recommending that the Verified Petition to Perpetuate Testimony be denied because it: (1) failed to meet the requirements of Rule 27; (2) sought to abuse Rule 27's purpose; and (3) failed to demonstrate the necessity of a pre-suit deposition with regard to either Mr. Doe or Rahkee Sherma (Dkt. #4 at p. 3). On October 11, 2017, Petitioner timely filed his objections to the report and recommendation (Dkt. #9). On the same day, Petitioner filed his Motion for Reconsideration, which the Court also treats as objections (Dkt. #8).

## PETITIONER'S OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3). In their entirety, Petitioner's objections state:

> 1. [Petitioner] comes, filing his formal objections to the magistrate report dated October 2, 2017. [Petitioner] objects to [sic] Sherman division even having jurisdiction over the above cause because all evidence appear [sic] to suggest that one of the deponents reside [sic] in Collin County (Plano) and not Grayson County.
>
> 2. [Petitioner] was mistreated by the manager of the clerk's office, Karen Sessions on account of his race. Bigotry seems to flow from this division.
>
> 3. Otherwise, the [Petitioner] objects to the magistrate report in its entirety. If the district judge agrees with the magistrate report, [Petitioner] requests that he signs [sic] a final order for the [Petitioner] to appeal the denial of the [Petitioner's] Rule 27.

(Dkt. #9 at p. 1). Petitioner advances these same or substantially similar arguments in his Amended Verified Petition to Perpetuate Testimony (Dkt. #6) and in his Motion for Reconsideration (Dkt. #8).[1] As such, this Court also treats both the Motion for Reconsideration (Dkt. #8) and the Amended Verified Petition to Perpetuate Testimony (Dkt. #6) as objections to the Court's report and recommendation (Dkt. #4). *See, e.g., Davis v. American Nat'l Bank of Texas*, 2013 WL 1195695 (E.D. Tex. Mar. 22, 2013) (treating motion to reconsider as objections to report and recommendation of magistrate judge).

As an initial matter, the Court finds that Petitioner's objections are neither sufficiently specific, nor supported by any authority. *See* Fed. R. Civ. P. 72(b)(2) (objections to the magistrate judge's recommended disposition must be specific). General objections are insufficient. Petitioner's status as a *pro se* litigant does not absolve him of the responsibility to state his objections with specificity or support his objections with authority. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (*pro se* litigants are still required to provide sufficient facts and authority in support of their claims). Notwithstanding such failure, the Court has considered Petitioner's objections and finds them to be meritless. Regarding Petitioner's first objection, as the Court previously explained in its Order denying Petitioner's Motion and Objection to Transfer of the Above Cause to the Sherman Division (Dkt. #3), "[t]here is no Plano Division of the Eastern District of Texas." (Dkt. #10). Turning next to Petitioner's allegation that an employee of the Clerk's Office discriminated against him, Petitioner's allegation is wholly unsubstantiated. Further, Petitioner fails to explain how such alleged mistreatment impacts or pertains in any way to the report and recommendation of the Magistrate Judge. *See Birl v. Estelle,* 660 F.2d 592, 593

---

[1] The differences between Petitioner's Amended Verified Petition (Dkt. #6) and his original Petition to Perpetuate Testimony (Dkt. #1) are insignificant. Petitioner spells Rahkee Sherma's name slightly different, alleges Rahkee Sherma may be living with Mr. Doe, and lists a different mailing address, but the two Petitions are otherwise facsimiles of one another.

(5th Cir. 1981) (per curiam) (noting that *pro se* litigants acquire no greater rights than a litigant represented by counsel, and are equally subject to the established rules of practice and procedure). Petitioner's final objection does no more than state that Petitioner disagrees with the entirety of the Magistrate Judge's report, but again, fails to dispute any specific conclusion.

Upon independent review, the Court concludes that the Magistrate Judge's findings and recommendation are correct. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (noting that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation). Accordingly, the Court adopts the Magistrate Judge's finding that Petitioner's Verified Petition to Perpetuate Testimony should be denied.

## CONCLUSION

Having considered Petitioner's objections (Dkt. #9), Petitioner's Amended Verified Petition to Perpetuate Testimony (Dkt. #6), Petitioner's Motion for Reconsideration (Dkt. #8), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #4) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Petitioner's Verified Petition to Perpetuate Testimony (Dkt. #1), his Amended Verified Petition to Perpetuate Testimony (Dkt. #6), and Petitioner's Motion for Reconsideration are **DENIED** (Dkt. #8).

**IT IS SO ORDERED**.
SIGNED this 11th day of December, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

4